# In the United States Court of Federal Claims

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**TOMAS LOPEZ LANDERO,**

        Plaintiff,

    v.

**UNITED STATES,**

        Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 20-1463T
Filed: January 4, 2021

**O R D E R**

On October 26, 2020, the United States District Court for the District of Columbia transferred the above captioned case to the United States Court of Federal Claims, and on November 10, 2020, plaintiff filed the transfer complaint in this court. The transfer complaint, however, did not conform with the Rules of the United States Court of Federal Claims, and the court instructed plaintiff to file a corrected transfer complaint by November 20, 2020. On November 23, 2020, plaintiff filed another transfer complaint, but did not file a motion for leave to file out of time nor did plaintiff explain why the transfer complaint was not timely filed. On December 3, 2020, plaintiff filed a motion for leave to file the transfer complaint. On December 14, 2020, the court granted plaintiff's motion and instructed the plaintiff to file the transfer complaint by December 18, 2020. The plaintiff did not timely file the transfer complaint.

On December 29, 2020, the defendant filed a motion to dismiss pursuant to Rule 41(b) (2020) of the Rules of the United States Court of Federal Claims. Defendant's motion argues that plaintiff's failure to comply with the court's December 14, 2020 Order was "the *third time* that plaintiff has failed to properly file his transfer complaint. The Court should not give a fourth chance. Defendant therefore respectfully seeks an Order dismissing this case for want of prosecution." (emphasis in original).

RCFC 41(b) states, in part: "**Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal." (emphasis in original). Defendant notes that "the Court has given plaintiff, represented by counsel, three chances to properly file his transfer complaint, and plaintiff has failed on each opportunity. Now, more than ten days have passed since the December 18 deadline, and plaintiff has filed nothing. At issue is not just a missed deadline for some ministerial filing, but the deadline for the complaint itself—indicative of plaintiff's intention (or lack thereof) to prosecute this case." Moreover, defendant argues that "because plaintiff has failed to file any transfer complaint, notwithstanding the Court's December 18, 2020 deadline, and because the

Court has given plaintiff three opportunities to properly file a transfer complaint, the Court should dismiss for want of prosecution." Defendant's motion is **GRANTED**. Plaintiff's claims are **DISMISSED**, without prejudice. The Clerk's Office shall enter **JUDGMENT** consistent with this Order.

      **IT IS SO ORDERED**.

                                         s/Marian Blank Horn
                                         **MARIAN BLANK HORN**
                                               **Judge**